**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KATIE GATEWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 4:22-cv-00089-AGF |
| | ) |
| CITY OF O'FALLON, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' NOTICE OF FINAL RESOLUTION OF STATE COURT**
**PROCEEDING AND PLAINTIFF'S FAILURE TO TIMELY SEEK JUDICIAL REVIEW**

On January 27, 2022, this Court abstained under *Younger v. Harris,* and, on March 16, 2022, stayed this case pending final resolution of the City of O'Fallon, Missouri, impeachment proceedings against Katie Gatewood, including judicial review and all associated appeals.  The March 16, 2022, Order also directed the parties to advise the Court if no judicial review had been sought and if the time to do so had expired.  To succinctly answer the Court's questions: no judicial review was sought, the time to seek judicial review expired on or before March 9, 2022, and this case should now be dismissed under *Younger* and on the grounds of *res judicata,* collateral estoppel, deference to state final judgments, and/or waiver.[1]

The City of O'Fallon entered its decision and order impeaching Katie Gatewood, and she was removed from office, on January 27, 2022; the Mayor subsequently signed and issued the findings of fact and conclusion of law on February 7, 2022.  *See* Exhibit A; *see also Plaintiff's Brief Regarding Abstention and its Consequences,* Docket Entry 19 at p.2 ("[o]n February 7, 2022, Mayor Hennessy issued the signed order that formally effected Gatewood's removal from office

---

[1] Defendants were drafting notice of resolution as this Court entered its March 16, 2022 Order.

1

and concluded the impeachment process."); Docket Entry 17-12 (Plaintiff attached the February 7, 2022, findings of fact and conclusions of law as Exhibit 12 to the First Amended Complaint filed on February 9, 2022).  Gatewood and her counsel were delivered notice of this final decision, in writing, on and before February 7, 2022.  *See* Exhibit B; *see also Plaintiff's Brief Regarding Abstention and its Consequences,* Docket Entry 19 at p.2 ("[o]n February 7, 2022, Mayor Hennessy issued the signed order that formally effected Gatewood's removal from office and concluded the impeachment process."); Docket Entry 17-12 (Plaintiff attached the February 7, 2022 findings of fact and conclusions of law as Exhibit 12 to the First Amended Complaint filed on February 9, 2022).

As a matter of Missouri law, any person aggrieved by a final decision in a contested case governed by the Missouri Administrative Procedure Act is entitled to seek judicial review.  *See* R.S.Mo. §536.100.  Such petition for judicial review must be filed "within thirty days after [the aggrieved party] receives notice of that decision."  *Id.*; *see also* R.S.Mo. §536.110 ("Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.")

Here, Gatewood failed to seek judicial review of the final impeachment order in Missouri state court on or before March 9, 2022—her thirty-day deadline for doing so in light of the February 7, 2022, notice. *Wrenn v. City of Kansas City*, 908 S.W.2d 747, 751 (Mo. App. W.D. 1995) ("The Missouri Supreme Court held that compliance with the thirty-day deadline in § 536.110 was a jurisdictional prerequisite to judicial review."); *Atkins v. Dep't of Bldg. Regulations, City of Springfield*, 596 S.W.2d 426, 435 (Mo. 1980) ("The time for appeal is fixed by law (Section 536.110, RSMo 1978, embodied in Rule 100.04) as ' * * * within thirty days after the mailing or delivery of the notice of the agency's final decision.' Compliance with this provision

is a jurisdictional prerequisite"); *Smith v. City of St. Louis*, 573 S.W.3d 705, 715–16 (Mo. App. E.D. 2019) ("Accordingly, the trial court did not err in dismissing Appellant's petition for judicial review as untimely. Because the petition was not filed within thirty days of the date notice of the Commission's dismissal of his case was mailed, as required by Section 536.110.1, the trial court had no authority over Appellant's case except to dismiss the petition").

Notably, this was apparently Plaintiff's plan all along—refuse to appeal through the state court process in order to claim there was no "ongoing state proceeding" subject to *Younger*. *See Plaintiff's Brief Regarding Abstention and its Consequences*, Docket Entry 19 at pp. 7-8 ("The Defendants might argue that Gatewood could still choose to raise her federal constitutional claims by seeking judicial review of the Impeachment Order in state courts, but…Gatewood is not obliged to seek judicial review of the Impeachment Order; unless and until she does so, no Missouri court has jurisdiction over the matter.")

On the Contrary, Plaintiff cannot avoid *Younger* abstention merely by failing to appeal through the state process. *Huffman v. Pursue, Ltd*., 420 U.S. 592, 610-611 and fn 22 (1975) ("we are of the opinion that the considerations of comity and federalism which underlie *Younger* permit no truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious"; "appellee may not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting its appeal within the Ohio judicial system"); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082-83 (9th Cir. 1987) (affirming district court's dismissal of § 1983 claim on *Younger* grounds) ("Failure to exhaust state appellate remedies satisfies the requirement that there be 'ongoing judicial proceedings' in order to justify federal abstention…That World Famous failed to avail itself of the opportunity to litigate its constitutional

3

claim in the state forum, does not demonstrate that the state forum did not provide an opportunity to litigate that claim. World Famous had an opportunity to pursue its constitutional claim upon appeal in the state courts, and failed to do so. No more is required for *Younger* abstention") (internal citations and quotations omitted).

While Plaintiff's failure to pursue a state appeal does not prevent this Court's application of *Younger*, it does have the effect of waiving her constitutional arguments and ending this case entirely. All of these questions should have been appealed in state court.  Missouri courts can and do review impeachment decisions, which review includes constitutional questions. *Mason v. City of Breckenridge Hills*, 100 S.W.3d 153, 154 (Mo. Ct. App. 2003) (reviewing impeachment of city council member under the Missouri APA); *State ex rel. Brown v. City of O'Fallon*, 728 S.W.2d 595, 596 (Mo. Ct. App. 1987) (judicial review of impeachment proceedings governed by the Missouri Administrative Procedure Act "includes a determination of whether the Board's action is in violation of constitutional provisions"); *State ex rel. Powell v. Wallace*, 718 S.W.2d 545, 547 (Mo. Ct. App. 1986) (reviewing council's removal of mayor).*)*

And by failing to raise these constitutional issues through judicial review in the state courts, Plaintiff has now waived them under Missouri law. *Fitzgerald v. City of Maryland Heights*, 796 S.W.2d 52, 58 (Mo. Ct. App. 1990) (attack upon constitutionality of an Administrative Procedure Act discovery provision in mayor's appeal of impeachment was not adequately preserved for judicial review where it was not challenged in petition for review of impeachment proceedings); *Gray v. City of Florissant*, 588 S.W.2d 722, 724 (Mo Ct. App. 1979) ("Since plaintiff did not properly assert his constitutional claim in his Petition for Review, it was not preserved for circuit court review"); *Lucas-Hunt Vill. Associates, Ltd. P'ship v. State Tax Comm'n of Missouri*, 966

S.W.2d 308, 311 (Mo. Ct. App. 1998) ("Constitutional claims are deemed waived that are not raised at the first opportunity consistent with good pleading and orderly procedure").

Additionally, because Plaintiff failed to timely appeal, the impeachment decision is now a final, unappealable order and is entitled to preclusive effects. *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts….Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so") (applying collateral estoppel in a § 1983 context) (internal citations omitted). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme] Court").

The O'Fallon impeachment proceedings have been fully and finally resolved and the deadline for Gatewood to seek judicial review and all associated appeals has passed.  As a result, under Missouri law, the impeachment order is now a final, unappealable judgment on the merits entitled to *res judicata,* collateral estoppel, and the full measure of deference and finality federal courts afford state court judgments.  Gatewood had a full and fair opportunity to litigate her constitutional and other claims and chose not to do so; there is nothing more for Gatewood to litigate here.  This specifically includes the very federal constitutional questions Gatewood seeks to litigate in this case.  As this Court already ruled in its January 27, 2022, Order of Abstention: "Gatewood conceded at the TRO hearing that she raised both of her constitutional claims before the Board during the impeachment trial and that her claim of bias, which is the basis of her due

process claim, was in fact adjudicated and decided by the Mayor." Order, Docket Entry 16 at 11. As this Court further ruled, "municipal impeachment proceedings in Missouri are subject to extensive procedural safeguards, as set forth in the state administrative procedure act" and "constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Id.* at 10-11, citations omitted.

In light of Plaintiff's failure to timely seek judicial review and the finality of those impeachment proceedings, Defendants respectfully request that this Court lift the stay for the sole purpose of dismissing this case *with prejudice* under *Younger*. Alternatively, if the Court deems it necessary, Defendants respectfully request that this Court lift the stay for the sole purpose of allowing Defendants to file a motion to dismiss on the grounds of *res judicata,* collateral estoppel, deference to state final judgments, and/or waiver. There are presently no other issues that need to be addressed by the Court.

Respectfully submitted,

LAUBER MUNICIPAL LAW, LLC

By   */s/ Jeffrey W. Deane*
Jeffrey W. Deane, Mo Bar #50698
Catherine J. Gerstner, Mo Bar #73714,
250 NE Tudor Road
Lees Summit, Missouri 64086
(816) 525-7881 x. 4 (Telephone)
jdeane@laubermunicipal.com
cgerstner@laubermunicipal.com

Attorneys for Defendants

ENGELMEYER & PEZZANI, LLC

By   */s/ Timothy A. Engelmeyer*
Timothy A. Engelmeyer, Mo Bar #39941
13321 North Outer Forty Road, #300
(636) 532-9933 (Telephone)
tim@epfirm.com

Attorneys for Defendant Mayor Bill Hennessy

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2022, the foregoing was submitted electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ *Jeffrey W. Deane*

7