UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATIE GATEWOOD,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF O'FALLON, MISSOURI, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:22-cv-00089-AGF<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

On January 27, 2022, this Court abstained under *Younger v. Harris,* and, on March 16, 2022, stayed this case pending final resolution of the City of O'Fallon, Missouri, impeachment proceedings against Katie Gatewood, including judicial review and all associated appeals. However, Plaintiff failed to seek judicial review through the state court process and the time to do so has now expired. On March 21, 2022, this Court lifted the stay to allow Defendants to respond to the First Amended Complaint and brief the implications of Plaintiff's failure to appeal. Accordingly, this case should be dismissed under *Younger* and on the grounds of *res judicata,* collateral estoppel, deference to state final judgments, and/or waiver. Further, any claims against the individual Defendants (Bill Hennessy, Dale Kling, Dave Hinman, and Jeff Keuhn) should be dismissed for the additional reason that these Defendants are entitled to absolute immunity.

**Motion to Dismiss Standard**

With respect to a motion to dismiss based upon *Younger*, neither Rule 12(b)(1) nor 12(b)(6) apply. *Backpage.com, LLC v. Hawley*, 4:17-CV-1951 PLC, 2017 WL 5726868, at *3 fn 5 (E.D. Mo. Nov. 28, 2017) ("The Court relies upon neither rule and finds that, [b]ecause [Younger] abstention is a prudential rather than a jurisdictional ground for dismissal, the pleading and burden

1

requirements of Rule 12(b)(6) are not applicable, ***nor is the court limited to the facts that the plaintiff pleaded*** to determine whether comity and federalism counsel against [the] exercise of jurisdiction.") (emphasis added) (internal citations and quotations omitted) (declining to decide *Younger* issue under either Rule 12(b)(1) or 12(b)(6) and ultimately dismissing under *Younger*).

With respect to *res judicata*, collateral estoppel, and/or deference to the finality of state court judgments, while in the nature of affirmative defenses, they may be decided on a motion to dismiss pursuant to Rule 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012):

> Res judicata is an affirmative defense. *Howard v. Green,* 555 F.2d 178, 181 (8th Cir.1977); Fed.R.Civ.P. 8(c)(1). Before adoption of the Federal Rules of Civil Procedure, we recognized "that a defense of res judicata" may be raised in a motion to dismiss when "the identity of the two actions can be determined from the face of the petition itself." *Potamitis v. Pittsburgh Plate Glass Co.,* 82 F.2d 472, 473 (8th Cir.1936). And under the Federal Rules, we have implicitly endorsed the use of a motion to dismiss to raise res judicata. *See, e.g., Laase,* 638 F.3d at 856 (reciting standard of review on "a motion to dismiss for failure to state a claim based on res judicata"). Indeed, "[i]f an affirmative defense ... is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 983 (8th Cir.2008). **Our interpretation of the phrase "face of the complaint ... include[s] public records and materials embraced by the complaint,"** id., and "material[s] attached to the complaint,** *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir.2006) (per curiam) (quotation omitted).

(emphasis added). *See also Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) ("We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim based on *res judicata*….By enacting the Full Faith and Credit Statute, 28 U.S.C. § 1738, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. The law of the forum that rendered the first judgment controls the res judicata analysis.") (internal citations and quotations omitted); *MacCormack v. Adel Wiggins Group*, 4:16-CV-414-CEJ, 2017 WL 2861879, at *2 (E.D.

2

Mo. July 5, 2017) ("The Eighth Circuit has 'implicitly endorsed the use of a motion to dismiss to raise res judicata.' *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012); *see, e.g., Nance v. Humane Soc'y of Pulaski Cty.*, No. 15-3512, 667 Fed.Appx. 879 (8th Cir. Aug. 4, 2016) (affirming a district court's 12(b)(6) dismissal premised on collateral estoppel grounds)).

Lastly, absolute immunity is properly raised on a motion to dismiss. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate."); *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (same, *citing Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016)).

## Factual Background

The City of O'Fallon entered its decision and order impeaching Katie Gatewood and she was removed from office on January 27, 2022. The Mayor subsequently signed and issued the findings of fact and conclusion of law on February 7, 2022. *See* First Amended Complaint at ¶ 81 ("[o]n February 7, 2022, the Mayor approved the Findings of Fact and Conclusions of Law proposed by the City and ordered Gatewood removed from office") and ¶ 83 ("[w]ith the Mayor formally removing Gatewood from office, the impeachment proceeding is concluded"); Docket Entry 17-12 (Plaintiff attached the February 7, 2022, findings of fact and conclusions of law as Exhibit 12 to the First Amended Complaint filed on February 9, 2022); *see also Plaintiff's Brief Regarding Abstention and its Consequences,* Docket Entry 19 at p.2 ("[o]n February 7, 2022, Mayor Hennessy issued the signed order that formally effected Gatewood's removal from office and concluded the impeachment process."). Gatewood and her counsel received notice of this final decision on and before February 7, 2022. *See* First Amended Complaint at ¶¶ 81, 83; Docket Entry

17-12; *Plaintiff's Brief Regarding Abstention and its Consequences,* Docket Entry 19 at p.2.

Gatewood failed to seek judicial review of the final impeachment order in Missouri state court on or before March 9, 2022—her thirty-day deadline for doing so in light of the February 7, 2022, notice. The Court may take judicial notice of the records in the Missouri state courts (in this case, a lack of any filing in the Missouri state courts).[1]

### The First Amended Complaint Should Be Dismissed Under *Younger*

As a matter of Missouri law, any person aggrieved by a final decision in a contested case governed by the Missouri Administrative Procedure Act is entitled to seek judicial review. *See* R.S.Mo. § 536.100.  Such petition for judicial review must be filed "within thirty days after [the aggrieved party] receives notice of that decision."  *Id.*; *see also* R.S.Mo. § 536.110 ("Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.")

Here, Gatewood failed to seek judicial review of the final impeachment order in Missouri state court on or before March 9, 2022—her thirty-day deadline for doing so in light of the February 7, 2022, notice. *Wrenn v. City of Kansas City*, 908 S.W.2d 747, 751 (Mo. App. W.D. 1995) ("The Missouri Supreme Court held that compliance with the thirty-day deadline in § 536.110 was a jurisdictional prerequisite to judicial review."); *Atkins v. Dep't of Bldg. Regulations, City of Springfield*, 596 S.W.2d 426, 435 (Mo. 1980) ("The time for appeal is fixed

---

[1] The court may take judicial notice of the state court dockets in the public records as available on Missouri's casenet system which show that no petition for judicial review was filed by Plaintiff in the Missouri state court system. *Backpage.com, LLC v. Hawley*, 4:17-CV-1951 PLC, 2017 WL 5726868, at *2 (E.D. Mo. Nov. 28, 2017) ("The court takes judicial notice of the pending state-court docket of *State of Missouri, ex rel. Attorney General Hawley v. Backpage.com, LLC*, No. 1711–CC00589 (Circuit Court of St. Charles County, filed June 15, 2017) available at https://www.courts.mo.gov/casenet" (*citing Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979) (a federal court may properly take judicial notice of state-court proceedings)).

4

by law (Section 536.110, RSMo 1978, embodied in Rule 100.04) as ' * * * within thirty days after the mailing or delivery of the notice of the agency's final decision.' Compliance with this provision is a jurisdictional prerequisite"); *Smith v. City of St. Louis*, 573 S.W.3d 705, 715–16 (Mo. App. E.D. 2019) ("Accordingly, the trial court did not err in dismissing Appellant's petition for judicial review as untimely. Because the petition was not filed within thirty days of the date notice of the Commission's dismissal of his case was mailed, as required by Section 536.110.1, the trial court had no authority over Appellant's case except to dismiss the petition").

Notably, this was apparently Plaintiff's plan all along—refuse to appeal through the state court process in order to claim there was no "ongoing state proceeding" subject to *Younger*. *See Plaintiff's Brief Regarding Abstention and its Consequences*, Docket Entry 19 at pp. 7-8 ("The Defendants might argue that Gatewood could still choose to raise her federal constitutional claims by seeking judicial review of the Impeachment Order in state courts, but…Gatewood is not obliged to seek judicial review of the Impeachment Order; unless and until she does so, no Missouri court has jurisdiction over the matter.")

However, Plaintiff cannot avoid *Younger* abstention and dismissal merely by failing to appeal through the state process. *Huffman v. Pursue, Ltd*., 420 U.S. 592, 610-611 and fn 22 (1975) ("we are of the opinion that the considerations of comity and federalism which underlie *Younger* permit no truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious"; "appellee may not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting its appeal within the Ohio judicial system"); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082-83 (9th Cir. 1987) (affirming district court's dismissal of § 1983 claim on *Younger* grounds) ("Failure to exhaust state appellate remedies satisfies the

5

requirement that there be 'ongoing judicial proceedings' in order to justify federal abstention…That World Famous failed to avail itself of the opportunity to litigate its constitutional claim in the state forum, does not demonstrate that the state forum did not provide an opportunity to litigate that claim. World Famous had an opportunity to pursue its constitutional claim upon appeal in the state courts, and failed to do so. No more is required for *Younger* abstention") (internal citations and quotations omitted).

Accordingly, because Plaintiff failed to appeal through the state process, and her failure to exhaust those appellate remedies satisfies the requirements of an "ongoing judicial proceeding" warranting abstention, the First Amended Complaint should be dismissed on *Younger* grounds.

### The First Amended Complaint Should Be Dismissed On The Basis Of Waiver

Plaintiff's failure to pursue a state appeal also has the effect of waiving her constitutional arguments and ending this case entirely. All of these questions should have been appealed in state court. Missouri courts can and do review impeachment decisions, which review includes constitutional questions. *Mason v. City of Breckenridge Hills*, 100 S.W.3d 153, 154 (Mo. Ct. App. 2003) (reviewing impeachment of city council member under the Missouri APA); *State ex rel. Brown v. City of O'Fallon*, 728 S.W.2d 595, 596 (Mo. Ct. App. 1987) (judicial review of impeachment proceedings governed by the Missouri Administrative Procedure Act "includes a determination of whether the Board's action is in violation of constitutional provisions"); *State ex rel. Powell v. Wallace*, 718 S.W.2d 545, 547 (Mo. Ct. App. 1986) (reviewing council's removal of mayor). Section 536.140.2 R.S.Mo. specifically provides that the scope of judicial review upon appeal to the state circuit court includes an inquiry into "whether the action of the agency (1) Is in violation of constitutional provisions" and "(5) Is made upon unlawful procedure or without a fair trial."

And by failing to raise these constitutional issues through judicial review in the state courts, Plaintiff has now waived them under Missouri law. *Fitzgerald v. City of Maryland Heights*, 796 S.W.2d 52, 58 (Mo. Ct. App. 1990) (attack upon constitutionality of an Administrative Procedure Act discovery provision in mayor's appeal of impeachment was not adequately preserved for judicial review where it was not challenged in petition for review of impeachment proceedings); *Gray v. City of Florissant*, 588 S.W.2d 722, 724 (Mo Ct. App. 1979) ("Since plaintiff did not properly assert his constitutional claim in his Petition for Review, it was not preserved for circuit court review"); *Lucas-Hunt Vill. Associates, Ltd. P'ship v. State Tax Comm'n of Missouri*, 966 S.W.2d 308, 311 (Mo. Ct. App. 1998) ("Constitutional claims are deemed waived that are not raised at the first opportunity consistent with good pleading and orderly procedure").

Indeed, Plaintiff alleges in the First Amended Complaint that "[t]he ***only*** questions the Plaintiff is bringing before this Court are whether the Defendants violated her rights under the U.S. Constitution and, if so, what remedies are warranted." (First Amended Complaint, ¶ 6) (emphasis in original). By failing to appeal through the state court judicial process, Plaintiff has waived all of her constitutional claims asserted in the First Amended Complaint (Counts I, II, and III for alleged violations of the Fourteenth Amendment Right to Due Process and Count IV for alleged violations of the First and Fourteenth Amendments). As such, the First Amended Complaint should be dismissed in its entirety.

### The First Amended Complaint Should Be Dismissed On The Basis Of *Res Judicata*, Collateral Estoppel, And/Or Deference to State Final Judgments

Additionally, because Plaintiff failed to timely appeal, the impeachment decision is now a final, unappealable order and is entitled to preclusive effects. *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts….Indeed, though the federal courts may look to the common law or to the

7

policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so") (applying collateral estoppel in a § 1983 context) (internal citations omitted). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme] Court").

Courts in Missouri give preclusive effects to their judgments and these doctrines apply in the context of administrative proceedings. *Mueller v. Woodmen of the World Life Ins. Soc.*, 12-0283-CV-ODS, 2012 WL 4957087, at *2 (W.D. Mo. Oct. 16, 2012) ("Missouri courts generally afford preclusive effect to administrative determinations to prevent parties from relitigating issues or claims resolved in administrative proceedings"); *Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914 (Mo. App. E.D. 1982) ("the unappealed final administrative determination in a workmen's compensation proceeding upon a fact issue within the jurisdiction of the administrative body is not subject to collateral attack and constitutes a bar to relitigation of the same fact issue in a subsequent common law action"); *Hines v. Cont'l Baking Co.*, 334 S.W.2d 140, 146 (Mo. App. 1960) ("the award unequivocally decided that issue and no appeal was taken. Under such circumstances the law favors clothing with finality a conclusion, an award or a judgment so reached").

The O'Fallon impeachment proceedings have been fully and finally resolved and the deadline for Gatewood to seek judicial review and all associated appeals has passed. As a result, under Missouri law, the impeachment order is now a final, unappealable judgment on the merits entitled to *res judicata,* collateral estoppel, and the full measure of deference and finality federal courts afford state court judgments.

Gatewood had a full and fair opportunity to litigate her constitutional and other claims and chose not to do so; there is nothing more for Gatewood to litigate here. This specifically includes the very federal constitutional questions Gatewood seeks to litigate in this case. As this Court already ruled in its January 27, 2022 Order of Abstention: "Gatewood conceded at the TRO hearing that she raised both of her constitutional claims before the Board during the impeachment trial and that her claim of bias, which is the basis of her due process claim, was in fact adjudicated and decided by the Mayor." Order, Docket Entry 16 at 11. As this Court further noted, "municipal impeachment proceedings in Missouri are subject to extensive procedural safeguards, as set forth in the state administrative procedure act" and "constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Id.* at 10-11, citations omitted.

The facts necessary to support dismissal on these grounds are apparent on the face of the complaint, which "*include[s] public records and materials embraced by the complaint,*" *id.*, and "*material[s] attached to the* complaint." C.*H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). Plaintiff alleged that "[o]n February 7, 2022, the Mayor approved the Findings of Fact and Conclusions of Law proposed by the City and ordered Gatewood removed from office," (First Amended Complaint, ¶ 81) and that "[w]ith the Mayor formally removing Gatewood from office, the impeachment proceeding is concluded" (First Amended Complaint, ¶ 83). Further, Plaintiff attached the February 7, 2022 Findings of Fact and Conclusions of Law removing Plaintiff from office as Exhibit 12 to the First Amended Complaint. (Docket Entry 17-12). And the court may take judicial notice of the state court dockets in the public records as available on Missouri's casenet system which show that no petition for judicial review was filed by Plaintiff in the Missouri state court system. *Backpage.com, LLC v. Hawley*, 4:17-CV-1951 PLC, 2017 WL 5726868, at *2 (E.D. Mo. Nov. 28, 2017) ("The court takes judicial notice of the pending

9

state-court docket of *State of Missouri, ex rel. Attorney General Hawley v. Backpage.com, LLC*, No. 1711–CC00589 (Circuit Court of St. Charles County, filed June 15, 2017) available at https://www.courts.mo.gov/casenet" (*citing Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979) (a federal court may properly take judicial notice of state-court proceedings)).

As such, the impeachment decision is now a final, unappealable order and is entitled to preclusive effects and Plaintiff may not relitigate and collaterally attack that judgment in this proceeding and the First Amended Complaint should be dismissed in its entirety.

### The First Amended Complaint Should Be Dismissed As To The Individual Defendants On The Basis Of The Doctrine Of Absolute Immunity

Impeachment proceedings are important to public policy and part of a vital state interest in Missouri and O'Fallon. This public interest is so strong that federal court precedent has long recognized the critical need for "absolute immunity" for officials called upon to adjudicate impeachment cases to ensure there are no undue limitations of the work in their impeachment process: "[T]here is a strong need to assure that the individual board members perform their impeachment function without harassment or intimidation. Impeachment proceedings by their very nature are likely to be extremely controversial and fiercely political; it is in the public interest that individual board members feel free to exercise their judgment in impeachment proceedings without fear of burdensome litigation and potentially ruinous personal liability for damages." *Brown v. Griesenauer*, 970 F.2d 431, 438 (8th Cir. 1992) (finding that "members of a municipal board of impeachment fall on the absolute immunity side of the line for their actions taken in that capacity").

The *Brown v Griesenauer* court clearly recognized the important need to prevent juror intimidation. This important opinion establishes absolutely that the councilmembers in their individual capacity are immune from ANY liability for acting as jurors. Plaintiff's inclusion of

these individual councilmembers (jurors) as defendants in this case at this time is a manifestation of the evil that the *Griesenauer* case described (attempted juror intimidation) and sought to avoid. Impeachment powers are deeply ingrained into the American ethos at the local, state, and federal level in order to serve as a check on the inappropriate conduct of governmental officials. *See* Raoul Berger, Impeachment: The Constitutional Problems 1-6 (1973).

Because the allegations and claims against the individual defendants (Mayor and presiding officer of the Board of Impeachment, Bill Hennessy; Councilmember and member of the Board of Impeachment, Dale Kling; Councilmember and member of the Board of Impeachment, Dave Hinman; Councilmember and member of the Board of Impeachment, Jeff Keuhn) arise from their official acts as councilmembers/members of the Board of Impeachment, they are entitled to absolute immunity.[2] As such, the First Amended Complaint should be dismissed in its entirety as to the individual defendants.

## **Conclusion**

In light of Plaintiff's failure to timely seek judicial review, the finality of those impeachment proceedings, and her waiver of her constitutional claims, Defendants respectfully request that this Court dismiss this case *with prejudice* under *Younger*, on the grounds of *res judicata,* collateral estoppel, deference to state final judgments, and/or waiver. Further, the individual defendants are entitled to absolute immunity and all claims should be dismissed as to them with prejudice on this additional ground.

---

[2] Count I is a claim that "Defendant Kling's ***Participation as a Member of the [Impeachment] Board*** Violated Gatewood's Fourteenth Amendment Right to Due Process (Against the Board, the Mayor, and Kling)"; Count II is a claim that "Defendant Hinman's ***Participation as a Member of the [Impeachment] Board*** Violated Gatewood's Fourteenth Amendment Right to Due Process (Against the City, the Mayor, and Hinman)"; Count III is a claim that "Defendant Keuhn's ***Participation as a Member of the [Impeachment] Board*** Violated Gatewood's Fourteenth Amendment Right to Due Process (Against the City, the Mayor, and Keuhn)"; and Count IV is a claim that "Removing Gatewood from Her Elected Office for Gathering Information About a Public Official Violates the First and Fourteenth Amendments (Against the City, the Mayor, and the Board). (Emphasis added).

11

Respectfully submitted,

LAUBER MUNICIPAL LAW, LLC

By   /s/ Jeffrey W. Deane
Jeffrey W. Deane, Mo Bar #50698
Catherine J. Gerstner, Mo Bar #73714,
250 NE Tudor Road
Lees Summit, Missouri 64086
(816) 525-7881 x. 4 (Telephone)
jdeane@laubermunicipal.com
cgerstner@laubermunicipal.com

*Attorneys for Defendants*

ENGELMEYER & PEZZANI, LLC

By   /s/ Timothy A. Engelmeyer
Timothy A. Engelmeyer, Mo Bar #39941
13321 North Outer Forty Road, #300
(636) 532-9933 (Telephone)
tim@epfirm.com

*Attorneys for Defendant Mayor Bill Hennessy*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2022, the foregoing was submitted electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Jeffrey W. Deane